THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

DECKERS OUTDOOR CORPORATION,
Delaware Corporation,

                Plaintiff,

    v.

UNIQUE STAR FOOTWEAR INC.,
A New Jersey Limited Liability Company;
SHOE PULSE, an unknown business
Entity; and DOES 1-10, inclusive

                Defendants.

Civil No. 2:18-cv-02376-MCA-MAH

ZENA SHOES, INC., ERRONEOUSLY SUED AS SHOES PLUS, AN UNKNOWN BUSINESS ENTITY

[JURY TRIAL DEMANDED]

      Defendant, ZENA SHOES, INC., ERRONEOUSLY SUED AS SHOES PLUS, ("Zena Shoes") hereby answers the Complaint for Damages and Equitable Relief filed by Plaintiff, DECKERS OUTDOOR CORPORATION ("Deckers Outdoor") and hereby Counterclaims as follows:

## ANSWER

      This Answer is based on Zena Shoes' knowledge as to its own activities, and upon information and belief as to the activities of others. The numbered paragraphs herein correspond to the like-numbered paragraphs of the Complaint, to the extent applicable. Zena Shoes denies each and every allegation contained in the Complaint that is not expressly admitted below. Any factual allegation admitted below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that may arguably follow from the admitted facts. Zena Shoes denies that Decker Outdoor is entitled to the relief requested or any other.

## JURISDICTION AND VENUE

      1.    Zena Shoes admits, based solely on the allegations of the Complaint and without admitting them as true, that the Complaint purports to allege an action for patent infringement under 28 U.S.C. §§ 1331 and 1338

2. Zena Shoes admits that this Court has subject matter jurisdiction over an action for patent infringement pursuant to 28 U.S.C. 1331 and 1338(a).

3. Zena Shoes denies any wrongful acts but admits venue is proper in this district pursuant to 28 U.S.C. §1391.

## PARTIES

4. Zena Shoes lacks sufficient knowledge to admit or deny the allegations in paragraph 4 and therefore denies these allegations.

5. Zena Shoes lacks sufficient knowledge to admit or deny the allegations in paragraph 5 and therefore denies these allegations.

6. Zena Shoes admits that it is a corporation registered and lawfully existing under the laws of the New York, with an office and a place of business located at 630 Grove Street, Dunellen, New Jersey, 08812.

7. Zena Shoes lacks sufficient knowledge to admit or deny the allegations in paragraph 7.

8. Zena Shoes denies all allegations in paragraph 8 as they pertain to Zena Shoes.

## ALLEGATIONS

9. Zena Shoes lacks sufficient knowledge to admit or deny the allegations in paragraph 9.

10. Zena Shoes lacks sufficient knowledge to admit or deny the allegations in paragraph 10.

11. Zena Shoes lacks sufficient knowledge to admit or deny the allegations in paragraph 11.

12. Zena Shoes lacks sufficient knowledge to admit or deny the allegations in paragraph 12.

13. Zena Shoes lacks sufficient knowledge to admit or deny the allegations in paragraph 13.

14. Zena Shoes lacks sufficient knowledge to admit or deny the allegations in paragraph 14.

15. Zena Shoes lacks sufficient knowledge to admit or deny the allegations in paragraph 15.

16. Zena Shoes lacks sufficient knowledge to admit or deny the allegations in paragraph 14.

17. Zena Shoes admits that itself and Decker Outdoor are competitors to the extent that they are both in the footwear industry. Zena Shoes denies all remaining allegations contained in paragraph 17 as they pertain to Zena Shoes, and particularly denies that it has committed any wrongful acts.

18. Zena Shoes lacks sufficient knowledge to admit or deny the allegations in paragraph 18.

19. The allegations contained in paragraph 19 pertain to Decker Outdoor, as such Zena Shoes lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 19 and therefor denies these allegations.

20. Zena Shoes denies all allegations contained in paragraph 20 as they pertain to Zena Shoes, and particularly denies that it has committed any wrongful acts of infringement in New Jersey or elsewhere.

**FIRST CLAIM FOR RELIEF**

21. Zena Shoes incorporates by reference its responses contained in the preceding paragraphs of this Answer as if fully set forth in this paragraph.

22. Zena Shoes denies all allegations contained in paragraph 22 as they pertain to the UGG® Bailey Boot being unique, distinctive, non-functional, famous, or that the Bailey Boot is to be characterized as having acquired Trade Dress elements. Zena Shoes lacks sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 22 as they pertain to Decker Outdoor and therefor denies these allegations.

23. Zena Shoes denies the allegations contained in paragraph 23.

24. Zena Shoes denies the allegations contained in paragraph 24.

25. Zena Shoes denies all allegation contained in paragraph 25 as they pertain

to the UGG® Bailey Boot having achieved a high degree of consumer recognition or having achieved secondary meaning. Zena Shoes lacks sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 25 as they pertain to Deckers Outdoor and therefor denies these allegations.

26. Zena Shoes lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 26 and therefor denies these allegations.

27. Zena Shoes lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 27 and therefor denies these allegations.

28. Zena Shoes lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 28 and therefor denies these allegations.

29. Zena Shoes denies the allegations contained in paragraph 29.

30. Zena Shoes lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 30 and therefor denies these allegations.

31. Zena Shoes denies the allegations contained in paragraph 31.

32. Zena Shoes denies the allegations contained in paragraph 32.

33. Zena Shoes denies the allegations contained in paragraph 33.

34. Zena Shoes denies the allegations contained in paragraph 34.

35. Zena Shoes denies the allegations contained in paragraph 35.

## SECOND CLAIM FOR RELIEF

36. Zena Shoes incorporates by reference its responses contained in the preceding paragraphs of this Answer as if fully set forth in this paragraph.

37. Zena Shoes denies the allegations contained in paragraph 37.

38. Zena Shoes denies the allegations contained in paragraph 38.

39. Zena Shoes denies the allegations contained in paragraph 39.

40. Zena Shoes denies the allegations contained in paragraph 40.

41. Zena Shoes denies the allegations contained in paragraph 41.

42. Zena Shoes denies the allegations contained in paragraph 42.

## THIRD CLAIM FOR RELIEF

43. Zena Shoes incorporates by reference its responses contained in the

preceding paragraphs of this Answer as if fully set forth in this paragraph.

44. Zena Shoes denies the allegations contained in paragraph 44.

45. Zena Shoes denies the allegations contained in paragraph 45.

46. Zena Shoes denies the allegations contained in paragraph 46.

47. Zena Shoes denies the allegations contained in paragraph 47.

48. Zena Shoes denies the allegations contained in paragraph 48.

49. Zena Shoes denies the allegations contained in paragraph 49.

## FOURTH CLAIM FOR RELIEF

50. Zena Shoes incorporates by reference its responses contained in the preceding paragraphs of this Answer as if fully set forth in this paragraph.

51. Zena Shoes denies the allegations contained in paragraph 51.

52. Zena Shoes denies the allegations contained in paragraph 52.

53. Zena Shoes denies the allegations contained in paragraph 53.

54. Zena Shoes denies the allegations contained in paragraph 54.

55. Zena Shoes denies the allegations contained in paragraph 55.

56. Zena Shoes denies the allegations contained in paragraph 56.

57. Zena Shoes denies the allegations contained in paragraph 57.

58. Zena Shoes denies the allegations contained in paragraph 58.

## FIFTH CLAIM FOR RELIEF

59. Zena Shoes incorporates by reference its responses contained in the preceding paragraphs of this Answer as if fully set forth in this paragraph.

60. Zena Shoes lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 60 and therefor denies these allegations.

61. Zena Shoes lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 61 and therefor denies these allegations.

62. Zena Shoes denies the allegations contained in paragraph 62.

63. Zena Shoes denies the allegations contained in paragraph 63.

64. Zena Shoes denies the allegations contained in paragraph 64.

65. Zena Shoes denies the allegations contained in paragraph 65.

66. Zena Shoes lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 66 and therefor denies these allegations.

67. Zena Shoes denies the allegations contained in paragraph 67.

68. Zena Shoes denies the allegations contained in paragraph 68.

69. Zena Shoes denies the allegations contained in paragraph 69.

## RELIEF REQUESTED

Zena Shoes denies the underlying allegations of Deckers Outdoor's prayer for relief against Zena Shoes, denies that Deckers Outdoor is entitled to any relief whatsoever, and requests that the Court deny all relief to Deckers Outdoor and enter judgment in favor of Zena Shoes on all counts and award Zena Shoes its costs and reasonable attorneys' fees and any further relief as the Court may deem appropriate. To the extent that any allegations of the Complaint have not been previously specifically admitted or denied, Zena Shoes denies them.

## DEMAND FOR JURY TRIAL

Zena Shoes admits that the Complaint sets forth a demand for trial by jury. The demand does not state any allegation against Zena Shoes to which a response is required. To the extent that any allegations are included in the demand, Zena Shoes denies such allegations.

## ADDITIONAL DEFENSES

Zena Shoes asserts the following additional defenses in response to Deckers Outdoor's Complaint. Discovery has not begun at the time of this Answer, and Zena Shoes therefore has not yet had an opportunity to collect and review all the information that may be relevant to the matters and issues raised herein. Zena Shoes accordingly reserves the right to seek to amend, modify, and/or expand these defenses and to take further positions as discovery proceeds in this case. Assertion of a defense is not a concession that Zena Shoes has the burden of proving the matter asserted.

## FIRST ADDITIONAL DEFENSE

### (Non-Infringement)

1. Zena Shoes does not directly or indirectly infringe any valid and enforceable

claim of the Asserted Patent, either literally or under the doctrine of equivalents, directly, indirectly, contributorily, by way of inducement, and/or via any other mechanism of liability.

## SECOND ADDITIONAL DEFENSE
### (Invalidity)

2. The claims of the Asserted Patent are each invalid for failure to meet the requirements of 35 U.S.C. § 101 et seq., including, without limitation, §§ 101, 102, 103, 112, and/or 116, and the rules, regulations, and laws pertaining thereto.

## THIRD ADDITIONAL DEFENSE
### (Prosecution History Estoppel)

3. Deckers Outdoor is estopped, based on the amendments, arguments, statements, representations, admissions, or omissions during the prosecution of the patent applications or any related provisional or non-provisional applications, made with respect to the scope of the alleged invention and asserted claims and disclosure of the prior art, from asserting any interpretation of any of the patent claims that would be broad enough to cover any of the alleged infringement by Zena Shoes.

## FOURTH ADDITIONAL DEFENSE
### (Equitable Defenses)

4. Deckers Outdoor is barred or limited from recovery, in whole or in part, by the equitable doctrines of laches, waiver, acquiescence, unclean hands, estoppel, and/or misuse.

## FIFTH ADDITIONAL DEFENSE
### (Limitation on Damages)

5. Deckers Outdoor's recovery for alleged infringement of the Asserted Patent, if any, is limited to any alleged infringement committed no more than six years prior to the filing of its Complaint, pursuant to 35 U.S.C. § 286 and/or § 287. To the extent that Deckers Outdoor and any alleged predecessors in interest to the Asserted Patent, and their

respective licensees, failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Zena Shoes' actions allegedly infringed the Asserted Patent, Zena Shoes is not liable to Deckers Outdoor for any acts alleged to have been performed before Zena Shoes received any actual notice that it was allegedly infringing the Asserted Patent.  Accordingly, Deckers Outdoor's claims for recovery of alleged damages are limited by 35 U.S.C. § 287.

6. Deckers Outdoor's claims for recovery of alleged damages are limited by 35 U.S.C. § 286.

7. Deckers Outdoor is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

## SIXTH ADDITIONAL DEFENSE
### (Failure to State a Claim)

8. Deckers Outdoor has failed to state a claim upon which relief can be granted.

## SEVENTH ADDITIONAL DEFENSE
### (Exhaustion)

9. Deckers Outdoor's claims for relief are barred in whole or in part by the doctrine of patent exhaustion.

## EIGHTH ADDITIONAL DEFENSE
### (Government Sales)

10. Deckers Outdoor's remedies are limited under 28 U.S.C. § 1498(a).  Zena Shoes is not liable to the extent the accused products were used or manufactured by or for the United States, or to the extent accused activities were undertaken on behalf of the United States, according to at least 28 U.S.C. § 1498.

## RESERVATION OF RIGHTS

In filing these defenses, Zena Shoes has not knowingly or intentionally waived any applicable defenses.  Zena Shoes reserves the right to assert and rely upon any other applicable defenses that may become available or apparent during the course of this action.

Zena Shoes reserves the right to amend or to seek to amend its answer or affirmative defenses.

## DECLARATORY JUDGMENT COUNTERCLAIMS

1. Zena Shoes incorporates herein by reference its responses and statements contained in all the preceding paragraphs of its Answer. Defendant-Counterclaimant Zena Shoes brings this action against Plaintiff-Counter-defendant Deckers Outdoor Corporation ("Deckers Outdoor") pursuant to Rule 13 of the Federal Rules of Civil Procedure, for a declaratory judgment of noninfringement of U.S. Patent No. D616,189.

2. For its Counterclaims against Deckers Outdoor, Zena Shoes alleges, based upon personal knowledge as to all acts or events that it has undertaken or witnessed, and upon information and belief as to all others, as follows:

### PARTIES

3. Zena Shoes is a corporation organized and existing under the laws of the State of New York, with an office and a place of business located at 630 Grove Street, Dunellen, New Jersey, 08812.

4. Deckers Outdoor states it is a Delaware corporation with its headquarters and principal place of business in Goleta, California.

### JURISDICTION AND VENUE

5. These Counterclaims are for a declaratory judgment of Noninfringement and Invalidity of the Asserted Patent.

6. Based on Deckers Outdoor's filing of this suit and Zena Shoes' affirmative defenses, a true, actual, and justiciable controversy has arisen and now exists between Deckers Outdoor and Zena Shoes regarding the alleged infringement of the Asserted Patent. This Court has subject matter jurisdiction over the matters pleaded herein under 28 U.S.C. §§ 1331, 1338, the Federal Declaratory Judgment Act (28 U.S.C. § 2201 et seq.), and the Patent Act of the United States, 35 U.S.C. § 101, et seq., including, but not limited to, §§ 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c) and

1400(b) because, among other reasons, Deckers Outdoor has brought its Complaint for patent infringement of the Asserted Patent in this Court, Deckers Outdoor states in its Complaint that its headquarters and principal place of business are in the Southern District of California, Deckers Outdoor states in its Complaint that it does business in the State of California, and Deckers Outdoor is subject to personal jurisdiction in this judicial district.

## CLAIMS FOR RELIEF
### FIRST DECLARATORY JUDGMENT COUNTERCLAIM
**Declaratory Judgment of Non-Infringement of the '189 Patent**

8. Zena Shoes hereby incorporates by reference the allegations in the preceding paragraphs of these Counterclaims as if fully stated herein.

9. Zena Shoes has not infringed and is not now infringing any valid claim of the '189 patent, either directly, contributorily, or through inducement, literally or by the doctrine of equivalents.

10. Based on Deckers Outdoor's filing of this suit and Zena Shoes' Additional Defenses, a true, actual, and justiciable controversy has arisen and now exists between Zena Shoes and Deckers Outdoor regarding the alleged infringement of the '189 patent.

11. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. 2201 et seq., Zena Shoes requests the Court's declaration that Zena Shoes does not infringe and has not infringed any claim of the '189 patent.

12. Zena Shoes does not have an adequate remedy at law.

### SECOND DECLARATORY JUDGMENT COUNTERCLAIM
**Declaratory Judgment that the '189 Patent is Invalid**

13. Zena Shoes hereby incorporates by reference the allegations in the preceding paragraphs of these Counterclaims as if fully stated herein.

14. Based on Deckers Outdoor's filing of this suit and Zena Shoes' Additional Defenses, a true, actual, and justiciable controversy has arisen and now exists between Zena Shoes and Deckers Outdoor regarding the alleged infringement of the '189 patent.

15. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. 2201 et seq., Zena Shoes requests the Court's declaration that the Patent-in-Suit is invalid for failure to meet the conditions of patentability or otherwise comply with 35 U.S.C. § 100 et seq., including

but not limited to one or more of 35 U.S.C. 101, 102, 103, and/or 112.

    16.    Zena Shoes does not have an adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, with respect to Deckers Outdoor's Complaint against Zena Shoes, Zena Shoes respectfully requests that this Court enter judgment in Zena Shoes' favor against Deckers Outdoor and issue an order that includes:

- A. A declaration that Zena Shoes has not infringed, and does not infringe, either directly, indirectly, or otherwise, literally or under the doctrine of equivalents, any valid and enforceable claim of the Asserted Patent;
- B. A declaration that Zena Shoes Asserted Patent is invalid;
- C. A Judgment against Deckers Outdoor and in favor of Zena Shoes;
- D. A declaration that Deckers Outdoor take nothing by its Complaint;
- E. Denial of Deckers Outdoor's request for injunctive relief;
- F. Dismissal of Deckers Outdoor's Complaint with prejudice;
- G. A declaration that this case is exceptional and an award to Zena Shoes of its costs, expenses, and reasonable attorneys' fees incurred in this action; and
- H. Further relief as the Court may deem just and proper.

## JURY DEMAND

Zena Shoes hereby demands a trial by jury for all issues so triable.

Dated:   April 1, 2018

                        Respectfully submitted,

                        **THE BASIL LAW GROUP, P.C.**

                        By: /s/ ROBERT J BASIL
                        Robert Basil (Bar#2507010)
                        1270 Broadway, Suite 305
                        New York, NY 10001-3215
                        Telephone: (917) 512-3066
                        Fax: (831) 536-1075
                        Email: RobertJBasil@Rjbasil.Com
                        **COUNSEL FOR DEFENDANT**
                        Zena Shoes Inc, erroneously sued as Shoes Plus, an unknown entity