## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

DECKER OUTDOOR CORPORATION,
Delaware Corporation,

Civil No. 2:18-cv-02376-MCA-MAH

Plaintiff,

v.

UNIQUE STAR FOOTWEAR INC.,
A New Jersey Limited Liability Company;
SHOE PULSE, an unknown business
Entity; and DOES 1-10, inclusive

**ZENA'S SHOES, INC.,
ERRONEOUSLY SUED AS
SHOE PULSE, AN UNKNOWN
BUSINESS ENTITY**

Defendants.

**[JURY TRIAL DEMANDED]**

Defendant, ZENA'S SHOES, INC., ERRONEOUSLY SUED AS SHOE PULSE, ("Zena's Shoes") hereby answer the Amended Complaint for Damages and Equitable Relief filed by Plaintiff, DECKER OUTDOOR CORPORATION and Counterclaims as follows:

## ANSWER

This Answer is based on Zena's Shoes' knowledge as to its own activities, and upon information and belief as to the activities of others. The numbered paragraphs herein correspond to the like-numbered paragraphs of the Amended Complaint, to the extent applicable. Zena's Shoes denies each and every allegation contained in the Amended Complaint that is not expressly admitted below. Any factual allegation admitted below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that may arguably follow from the admitted facts. Zena's Shoes denies that Deckers Outdoor is entitled to the relief requested or any other.

## JURISDICTION AND VENUE

1.      Zena's Shoes admits, based solely on the allegations of the Amended Complaint and without admitting them as true, that the Amended Complaint purports to

allege an action for trade dress infringement and unfair competition under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), patent infringement under 28 U.S.C. §§ 1331 and 1338, and for related claims under the statutory and common law of the state of New Jersey.

2.      Zena's Shoes admits that this Court has subject matter jurisdiction over an action for patent infringement pursuant to 28 U.S.C. 1331 and 1338(a).

3.      Zena's Shoes denies any wrongful acts but admits venue is proper in this district pursuant to 28 U.S.C. §1391.

## PARTIES

4.      Zena's Shoes lacks sufficient knowledge to admit or deny the allegations in paragraph 4 and therefore denies these allegations.

5.      Zena's Shoes lacks sufficient knowledge to admit or deny the allegations in paragraph 5 and therefore denies these allegations.

6.      Zena's Shoes admits that it is a corporation registered and lawfully existing under the laws of the New York, with an office and a place of business located at 6 Cooper Street, Burlington NJ 08016.

7.      Zena's Shoes lacks sufficient knowledge to admit or deny the allegations in paragraph 7.

8.      Zena's Shoes denies all allegations in paragraph 8 as they pertain to Zena's Shoes.

9.      Zena's Shoes denies all allegations in paragraph 9 as they pertain to Zena's Shoes.

## ALLEGATIONS

10.      Zena's Shoes lacks sufficient knowledge to admit or deny the allegations in paragraph 10.

11.      Zena's Shoes lacks sufficient knowledge to admit or deny the allegations in paragraph 11.

12.      Zena's Shoes lacks sufficient knowledge to admit or deny the allegations in paragraph 12.

13.    Zena's Shoes lacks sufficient knowledge to admit or deny the allegations in paragraph 13.

14.    Zena's Shoes lacks sufficient knowledge to admit or deny the allegations in paragraph 14.

15.    Zena's Shoes lacks sufficient knowledge to admit or deny the allegations in paragraph 15.

16.    Zena's Shoes lacks sufficient knowledge to admit or deny the allegations in paragraph 16.

17.    Zena's Shoes lacks sufficient knowledge to admit or deny the allegations in paragraph 17.

18.    Zena's Shoes lacks sufficient knowledge to admit or deny the allegations in paragraph 18.

19.    Zena's Shoes admits that itself and Deckers Outdoor are competitors to the extent that they are both in the footwear industry. Zena's Shoes denies all remaining allegations contained in paragraph 19 as they pertain to Zena's Shoes, and particularly denies that it has committed any wrongful acts.

20.    Zena's Shoes lacks sufficient knowledge to admit or deny the allegations in paragraph 20.

21.    The allegations contained in paragraph 21 pertain to Deckers Outdoor, as such Zena's Shoes lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 21 and therefor denies these allegations.

22.    Zena's Shoes denies all allegations contained in paragraph 22 as they pertain to Zena's Shoes, and particularly denies that it has committed any wrongful acts of infringement in New Jersey or elsewhere.

## FIRST CLAIM FOR RELIEF

23.    Zena's Shoes incorporates by reference its responses contained in the preceding paragraphs of this Answer as if fully set forth in this paragraph.

24.    Zena's Shoes denies all allegation contained in paragraph 24 as they pertain to the UGG® Bailey Boot being unique, distinctive, non-functional, famous, or that the

Bailey Boot is to be characterized as having acquired Trade Dress elements. Zena's Shoes lacks sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 24 as they pertain to Deckers Outdoor and therefor denies these allegations.

25.     Zena's Shoes denies the allegations contained in paragraph 25.

26.     Zena's Shoes denies the allegations contained in paragraph 26.

27.     Zena's Shoes denies all allegation contained in paragraph 27 as they pertain to the UGG® Bailey Boot having achieved a high degree of consumer recognition or having achieved secondary meaning. Zena's Shoes lacks sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 27 as they pertain to Deckers Outdoor and therefor denies these allegations.

28.     Zena's Shoes lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 28 and therefor denies these allegations.

29.     Zena's Shoes lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 29 and therefor denies these allegations.

30.     Zena's Shoes lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 30 and therefor denies these allegations.

31.     Zena's Shoes denies the allegations contained in paragraph 31.

32.     Zena's Shoes lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 32 and therefor denies these allegations.

33.     Zena's Shoes denies the allegations contained in paragraph 33.

34.     Zena's Shoes denies the allegations contained in paragraph 34.

35.     Zena's Shoes denies the allegations contained in paragraph 35.

36.     Zena's Shoes denies the allegations contained in paragraph 36.

37.     Zena's Shoes denies the allegations contained in paragraph 37.

## SECOND CLAIM FOR RELIEF

38.     Zena's Shoes incorporates by reference its responses contained in the preceding paragraphs of this Answer as if fully set forth in this paragraph.

39.     Zena's Shoes denies the allegations contained in paragraph 39.

40.     Zena's Shoes denies the allegations contained in paragraph 40.

41.     Zena's Shoes denies the allegations contained in paragraph 41.

42.     Zena's Shoes denies the allegations contained in paragraph 42.

43.     Zena's Shoes denies the allegations contained in paragraph 43.

44.     Zena's Shoes denies the allegations contained in paragraph 44.

## THIRD CLAIM FOR RELIEF

45.     Zena's Shoes incorporates by reference its responses contained in the preceding paragraphs of this Answer as if fully set forth in this paragraph.

46.     Zena's Shoes denies the allegations contained in paragraph 46.

47.     Zena's Shoes denies the allegations contained in paragraph 47.

48.     Zena's Shoes denies the allegations contained in paragraph 48.

49.     Zena's Shoes denies the allegations contained in paragraph 49.

50.     Zena's Shoes denies the allegations contained in paragraph 50.

51.     Zena's Shoes denies the allegations contained in paragraph 51.

## FOURTH CLAIM FOR RELIEF

52.     Zena's Shoes incorporates by reference its responses contained in the preceding paragraphs of this Answer as if fully set forth in this paragraph.

53.     Zena's Shoes denies the allegations contained in paragraph 53.

54.     Zena's Shoes denies the allegations contained in paragraph 54.

55.     Zena's Shoes denies the allegations contained in paragraph 55.

56.     Zena's Shoes denies the allegations contained in paragraph 56.

57.     Zena's Shoes denies the allegations contained in paragraph 57.

58.     Zena's Shoes denies the allegations contained in paragraph 58.

59.     Zena's Shoes denies the allegations contained in paragraph 59.

60.     Zena's Shoes denies the allegations contained in paragraph 60.

## FIFTH CLAIM FOR RELIEF

61.     Zena's Shoes incorporates by reference its responses contained in the preceding paragraphs of this Answer as if fully set forth in this paragraph.

62.     Zena's Shoes lacks sufficient knowledge or information to admit or deny

the allegations contained in paragraph 62 and therefor denies these allegations.

63.     Zena's Shoes lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 63 and therefor denies these allegations.

64.     Zena's Shoes denies the allegations contained in paragraph 64.

65.     Zena's Shoes denies the allegations contained in paragraph 65.

66.     Zena's Shoes denies the allegations contained in paragraph 66.

67.     Zena's Shoes denies the allegations contained in paragraph 67.

68.     Zena's Shoes lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 68 and therefor denies these allegations.

69.     Zena's Shoes denies the allegations contained in paragraph 69.

70.     Zena's Shoes denies the allegations contained in paragraph 70.

71.     Zena's Shoes denies the allegations contained in paragraph 71.

## RELIEF REQUESTED

Zena's Shoes denies the underlying allegations of Deckers Outdoor's prayer for relief against Zena's Shoes, denies that Deckers Outdoor is entitled to any relief whatsoever, and requests that the Court deny all relief to Deckers Outdoor and enter judgment in favor of Zena's Shoes on all counts and award Zena's Shoes its costs and reasonable attorneys' fees and any further relief as the Court may deem appropriate.  To the extent that any allegations of the Amended Complaint have not been previously specifically admitted or denied, Zena's Shoes denies them.

## DEMAND FOR JURY TRIAL

Zena's Shoes admits that the Amended Complaint sets forth a demand for trial by jury.  The demand does not state any allegation against Zena's Shoes to which a response is required. To the extent that any allegations are included in the demand, Zena's Shoes denies such allegations.

## ADDITIONAL DEFENSES

Zena's Shoes asserts the following additional defenses in response to Deckers Outdoor's Amended Complaint.  Discovery has not begun at the time of this Answer, and Zena's Shoes therefore has not yet had an opportunity to collect and review all the

information that may be relevant to the matters and issues raised herein.  Zena's Shoes accordingly reserves the right to seek to amend, modify, and/or expand these defenses and to take further positions as discovery proceeds in this case.  Assertion of a defense is not a concession that Zena's Shoes has the burden of proving the matter asserted.

## FIRST ADDITIONAL DEFENSE

### (Non-Infringement)

1.     Zena's Shoes does not directly or indirectly infringe any valid and enforceable claim of the Asserted Patent, either literally or under the doctrine of equivalents, directly, indirectly, contributorily, by way of inducement, and/or via any other mechanism of liability.

## SECOND ADDITIONAL DEFENSE

### (Invalidity)

2.     The claims of the Asserted Patent are each invalid for failure to meet the requirements of 35 U.S.C. § 101 et seq., including, without limitation, §§ 101, 102, 103, 112, and/or 116, and the rules, regulations, and laws pertaining thereto.

## THIRD ADDITIONAL DEFENSE

### (Prosecution History Estoppel)

3.     Deckers Outdoor is estopped, based on the amendments, arguments, statements, representations, admissions, or omissions during the prosecution of the patent applications or any related provisional or non-provisional applications, made with respect to the scope of the alleged invention and asserted claims and disclosure of the prior art, from asserting any interpretation of any of the patent claims that would be broad enough to cover any of the alleged infringement by Zena's Shoes.

## FOURTH ADDITIONAL DEFENSE

### (Equitable Defenses)

4.     Deckers Outdoor is barred or limited from recovery, in whole or in part, by the equitable doctrines of laches, waiver, acquiescence, unclean hands, estoppel, and/or

misuse.

## FIFTH ADDITIONAL DEFENSE

### (Limitation on Damages)

5.      Deckers Outdoor's recovery for alleged infringement of the Asserted Patent, if any, is limited to any alleged infringement committed no more than six years prior to the filing of its Amended Complaint, pursuant to 35 U.S.C. § 286 and/or § 287.  To the extent that Deckers Outdoor and any alleged predecessors in interest to the Asserted Patent, and their respective licensees, failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Zena's Shoes's actions allegedly infringed the Asserted Patent, Zena's Shoes is not liable to Deckers Outdoor for any acts alleged to have been performed before Zena's Shoes received any actual notice that it was allegedly infringing the Asserted Patent.  Accordingly, Deckers Outdoor's claims for recovery of alleged damages are limited by 35 U.S.C. § 287.

6.      Deckers Outdoor's claims for recovery of alleged damages are limited by 35 U.S.C. § 286.

7.      Deckers Outdoor is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

## SIXTH ADDITIONAL DEFENSE

### (Failure to State a Claim)

8.      Deckers Outdoor has failed to state a claim upon which relief can be granted.

## SEVENTH ADDITIONAL DEFENSE
### (Exhaustion)

9.      Deckers Outdoor's claims for relief are barred in whole or in part by the doctrine of patent exhaustion.

## EIGHTH ADDITIONAL DEFENSE

### (Government Sales)

10.     Deckers Outdoor's remedies are limited under 28 U.S.C. § 1498(a).  Zena's Shoes is not liable to the extent the accused products were used or manufactured by or for the United States, or to the extent accused activities were undertaken on behalf of the United States, according to at least 28 U.S.C. § 1498.

## RESERVATION OF RIGHTS

In filing these defenses, Zena's Shoes has not knowingly or intentionally waived any applicable defenses.  Zena's Shoes reserves the right to assert and rely upon any other applicable defenses that may become available or apparent during the course of this action. Zena's Shoes reserves the right to amend or to seek to amend its answer or affirmative defenses.

Dated:  July 31, 2018

Respectfully submitted,

**THE BASIL LAW GROUP, P.C.**

/s/  ROBERT J. BASIL (RB3410)
Robert J. Basil
1270 Broadway, Suite 305
New York, NY 10001-3215
Telephone: (917) 512-3066
Fax: (831) 536-1075
Email: RobertJBasil@Rjbasil.Com
**COUNSEL FOR DEFENDANT**
Zena's Shoes Inc, erroneously sued as SHOE PULSE, an unknown entity